IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RODERICK HUNTER, | ) |
|       Petitioner, | )   3: 12-cv-00406-PK |
| v. | ) |
| J.E. THOMAS, Warden, FCI Sheridan, | )   FINDINGS AND RECOMMENDATION |
|       Respondent. | ) |

Roderick Hunter
Fed. Reg. No. 89974-022
P.O. Box 5000
Sheridan, Oregon 97378

    Petitioner Pro Se

S. Amanda Marshall
United States Attorney
Ronald Silver
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner, Rodrick Hunter, an inmate at FCI Sheridan, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 *pro se*. For the reasons set forth below, his Petition [1] should be DENIED without prejudice.

## BACKGROUND

Hunter challenges both the lawfulness of the Bureau of Prison's ("BOP") finding that he committed a violation of prison rules, as well as, the process by which such finding was made. On July 27, 2011, Hunter was presented with an incident report alleging he tampered with a rivet used to lock a window in his cell in violation of 28 C.F.R. § 541.13, Code 208. Declaration of Dan Cortez [11], Attachment 1. Hunter was given an initial hearing by a Unit Discipline Committee ("UDC") and the incident was referred to the Disciplinary Hearing Officer ("DHO") for a full hearing. Id. at 2. On review, the assigned DHO reduced the charge to a Code 329 minor violation for "Destroying Property Worth $100 or less" and referred the incident back to the UDC for resolution without need for a full hearing. Id., Attachment 2. The UDC determined Hunter had committed the lesser "minor" offense and imposed a sanction consisting solely of a 30-day loss of visitation privileges. Id., Attachment 1.

The government argues relief should be denied on Hunter's § 2241 Petition because: (1) a 30-day loss of visitation

2 - FINDINGS AND RECOMMENDATION

privileges does not implicate a due process liberty interest; (2) the imposed sanction has no impact on the length of Hunter's sentence, and therefore, the Court lacks habeas corpus jurisdiction over this action; (3) Hunter lacks standing to maintain this suit; (4) this action is moot because the sanction has been lifted; (5) Hunter has no due process entitlement to an administrative grievance procedure; and (6) the BOP followed agency policy governing UDC proceedings. Respondent's Response [9].

In his Response [12], Hunter insists the BOP failed to provide him with a Constitutionally adequate disciplinary hearing process and failed to adhere to its own policies pertaining to such hearings. In addition, Hunter argues that while the now-expired visitation sanction does not impact him, the finding that he committed a violation makes him ineligible for a "near release transfer" and prevents him from transferring to a facility near his immediate family until he has "18 consecutive months of clear conduct in general poplulation." Id. at 14-15 & 19. According to Hunter, his ineligibility to apply for a transfer to a facility closer to his family has had a profound impact on his "mental and emotional condition," and has left him hopeless with "no desire to participate in [] programs here for self-improvement to prepare [him]self for reentry back into the community." Id. at 15.

Hunter exhausted his administrative remedies with respect to the UDC hearing, and filed this action on March 7, 2012. He seeks

3 - FINDINGS AND RECOMMENDATION

an order directing the BOP to expunge the incident from his record and to make every effort to transfer him to a facility near his family in accordance with Program Statement 5100.07 Section 9. Id. at 32.

## DISCUSSION

### I.   § 2241 Habeas Corpus Jurisdiction

In order to obtain relief pursuant to 28 U.S.C. § 2241, a petitioner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(b)(3). Habeas corpus jurisdiction is available under § 2241 for a prisoner's claim that he has been denied good conduct credits without due process of law. Bostic v. Carlson, 884 F.2d 11267, 1269 (9th Cir. 1989). However, where a petitioner is not subject to any loss of good-time credits as a result of a disciplinary proceeding, habeas corpus relief is not available simply as a mechanism by which to expunge a prison disciplinary conviction. Instead, habeas corpus is the appropriate remedy where the disciplinary sanction levied will likely have an adverse impact on the *duration* of the inmate's sentence. Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003). Where the execution of the inmate's sentence is not affected by a disciplinary conviction, a civil rights action is the appropriate vehicle by which to expunge the resulting sanctions. Id.

///

4 - FINDINGS AND RECOMMENDATION

## II. Ineligibility for a "Near Release Transfer"

As noted above, Hunter contends the UDC's finding that he committed the subject minor offense makes him ineligible for a transfer to a facility closer to his family. Nevertheless, in 18 U.S.C. § 3621, Congress vested authority to determine where federal prisoners are housed solely with the BOP:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate *any* available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ....

18 U.S.C. § 3621(b) (emphasis added). While the Ninth Circuit has found that a court may review BOP regulations implementing section 3621 to determine whether they are consistent with the statute, see generally Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008), the BOP's individualized, discretionary determinations concerning where to house a particular federal prisoner are not subject to judicial review, regardless of how the claim is presented.

The exemption of the BOP's individualized housing determinations from judicial review is consistent with the recognition that inmates do not have a due process liberty interest in their placement and classification while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). It is well settled that prisoners have "no right to be at any particular prison" within the federal system. Grayson v. Rison, 945 F.2d 1064, 1067

5 - FINDINGS AND RECOMMENDATION

(9th Cir. 1991)(due process not implicated in federal prisoner's transfer to a less desirable unit); see also Reno v. Koray, 515 U.S. 50, 63 (1995)(federal inmates "are subject to summary reassignment to any other penal or correctional facility within the system")(internal citations omitted).

Accordingly, because Hunter challenges a violation finding which resulted in a sanction consisting solely of loss of visitation privileges, regardless of whether the violation had an attendant consequence of making him ineligible for a near release transfer, no due process liberty interests are implicated by the sanction and the Court lacks subject matter jurisdiction over this case. As noted above, the UDC hearing did not result in any sanction which impacted the duration, i.e., the execution, of Hunter's sentence. Therefore, § 2241 is not his appropriate remedy with respect to that hearing.

## RECOMMENDATION

Based on the foregoing, I recommend that the Petition for Writ of Habeas Corpus [1] be DENIED without prejudice for lack of subject matter jurisdiction.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed,

then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

This case arises under 28 U.S.C. § 2241, and does not attack State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

DATED this 23rd day of October, 2012.

_____
Paul Papak
United States Magistrate Judge